**DYKEMA GOSSETT LLP**
JOHN M. THOMAS, SBN: 266842
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850

Attorneys for Defendant
MAZDA MOTOR OF AMERICA, INC.,
d/b/a MAZDA NORTH AMERICAN OPERATIONS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN DECKER, individually, and on behalf of a class of similarly situated individuals,<br><br>              Plaintiffs,<br><br>    vs.<br><br>MAZDA MOTOR OF AMERICA, INC<br><br>              Defendant. | Case No. SACV11-00873-AG (MLGx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Disclosure and discovery activity in the above-captioned action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, plaintiff Meghan Decker and defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations hereby stipulate to and petition the Court to enter the following Protective Order.  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to protected or confidential treatment.

It is hereby ORDERED as follows:

TERMS OF PROTECTIVE ORDER

**1.     General Definitions.**  For purposes of this Protective Order, the following terms have the following meaning:

    a.     "Confidential Information" shall mean trade secrets or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G) that is contained in Protected Documents.

    b.     "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential".

    c.     "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

    d.     "Document" shall mean and include, without limitation, all written material, videotapes, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise) defined as broadly as permitted under FRCP 34.

    e.     "Party" or "Parties" shall mean and include the parties to this litigation.

    f.     "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

    g.     "Protected Document" shall mean any document to be produced in this litigation which contains Confidential Information.

**2.     Designating Confidential Information.**

a.     All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

b.     The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice, on the Document, or, where a copy of the original Document is to be produced, on that copy.

c.     Any Document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Protective Order shall only be used, shown or disclosed as provided in this Protective Order.

d.     The burden of proving that a Protected Document contains Confidential Information is on the Designating Party.  Prior to designating any material as "Confidential," the Designating Party must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G).

e.     If a Party disagrees with the "Confidential" designation of any Protected Document, the party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction.  If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the Designating Party shall move the Court to confirm the confidentiality designation or redaction. Any opposition to such motion shall be filed within ten (10) business days of the filing of such motion.  In the event that a motion to confirm a confidentiality designation is made in a timely manner, the Document or information whose designation or redaction is objected to shall continue to be treated as "Confidential," as applicable, until the motion has been decided by Court.  In the event that a motion

1  to confirm a confidentiality designation is denied, the Designating Party shall cause
2  the confidentiality legend or redaction to be removed from such documents within ten
3  (10) business days following entry of the Court's order.

**3.     Use and Disclosure of Protected Documents.**

a.     Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained as "Confidential" by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for purposes of this action, only, subject to the limitations set forth herein.  The persons or entities identified in Paragraph 3(b)(ii)-(ix) below, to whom Protected Documents are disclosed pursuant to this Protective Order, shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as "Confidential," shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Protected Documents other than in accordance with this Protective Order.

b.     Protected Documents shall be disclosed only to "Qualified Persons."  Qualified Persons are limited to:

   i.    The Court and its personnel;
   ii.   The Parties to this litigation;
   iii.  Counsel of record in this litigation, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel;
   iv.   Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is currently employed by an automobile manufacturer competitor of Mazda;

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

    v. A potential, anticipated or actual fact witness whom counsel for the disclosing Party believes in good faith is likely to have knowledge pertaining to the content of the Protected Documents to be disclosed;

    vi. The author(s) or any recipient of the Document;

    vii. Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.);

    viii. Any person expressly named and agreed to in writing by the Parties or by further order of the Court; and

    ix. Court reporters recording and/or transcribing deposition testimony.

  c. While the Parties may provide Protected Documents in accordance with the provisions of this Protective Order in an electronic form, such Documents may not be posted on any website or internet accessible document repository that is accessible to anyone other then "Qualified Persons" listed above.

  d. All persons described in Paragraph 3(b)(ii)-(ix) above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential Information contained therein or the fact that such persons have obtained Protected Documents and Confidential Information.

  e. Pursuant to Paragraph 4(b)(iv) above, for those persons designated as experts, each such expert shall not have access to Protected Documents without having first read, acknowledged, and agreed to be bound by this Protective Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to be Bound").

4. Each Party's counsel shall retain each such executed Agreement to be Bound and shall keep a list identifying: (a) all persons to whom Protected Documents have been disclosed; and (b) all Protected Documents disclosed to such persons. Each such executed Agreement to be Bound shall not be made available to

1  the Designating Party during the pendency of the litigation but shall only be available
2  for an in camera inspection by the Court if good cause for review is demonstrated by
3  the Designated Party.  However, each such executed Agreement to be Bound and list
4  shall be submitted to counsel for the Designated Party at the termination of this
5  litigation.

6      **5.**    **Designation of Deposition Testimony.**

7          a.    Deposition testimony that counsel for the Party or non-party
8  witness tendering such testimony, in good faith, believes refers to Protected
9  Documents or information obtained therefrom shall be designated as "Confidential,"
10 as applicable, by such counsel by making a statement on the record for inclusion in
11 the deposition transcript or, in writing, within thirty (30) calendar days after receipt of
12 the transcript.

13         b.    When a Protected Document or information obtained therefrom is
14 designated as "Confidential" in a deposition transcript, the counsel making the
15 designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT
16 CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript
17 and to include, at the front of the transcript, a page identifying all pages and lines
18 designated "Confidential" in the transcript.

19         c.    To the extent that Protected Documents or information obtained
20 therefrom are used in the taking of depositions and/or used as exhibits at trial, such
21 Document or information shall remain subject to the provisions of this Protective
22 Order, along with the transcript pages of the deposition testimony and/or trial
23 testimony dealing with the Protected Documents or information.

24         d.    Any court reporter or transcriber who reports or transcribes
25 deposition testimony in this action shall agree that all Confidential Information
26 designated as such under this Protective Order shall remain "Confidential" and shall
27 not be disclosed by them, except pursuant to the terms of this Protective Order, and
28

that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**6. Filing Under Seal.**

**a. If any party seeks to file or lodge with the Court any portion of any Protected Document or information taken from any Protected Document, such material shall be submitted to the Court with an application to file under seal in accordance with this Court's Civil Local Rule 79-5.1.**

b. Within ninety (90) days after the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any Document which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any Documents which any such Party disclosed any Qualified Person, and certify in writing such destruction to the Designating Party.

**7. Inadvertent Production.**

Inadvertent or unintentional production of Documents or information containing information which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing Party within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's assertion of privilege or immunity. If a receiving Party objects to the return to of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

7

**8. Right to Use Own Information.**

Nothing in this Protective Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and Documents.

**9. Subpoena or Order.**

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order. Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.

**10. Modification.**

This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties or pursuant to further Court Order. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

**11. Duration.**

a. After termination of this litigation, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties for enforcement of the provisions of this Protective Order following termination of this litigation.

b. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: May 29, 2012                    DYKEMA GOSSETT LLP

By: _____
   John M. Thomas
   Attorneys for Defendant
   Mazda Motor of America, Inc., d/b/a
   Mazda North American Operations

Dated: May 29, 2012                    KNAPP, PETERSEN & CLARKE

By: _____
   Stephen M. Harris
   Attorneys for Plaintiff

Dated: May 29, 2012                    THE LAW OFFICE OF ROBERT L. STARR

By: _____
   Robert L. Starr
   Attorneys for Plaintiff

Based on the stipulation of the parties and for good cause shown, IT IS SO ORDERED:

Dated: <u>May 31, 2012</u>

_____
   MARC L. GOLDMAN
   United States Magistrate Judge